$400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RODGER KRAMER and COLLEEN BRUSIUS, h/w | CIVIL ACTION |
| Plaintiffs, | |
| | Case No. _____ |
| v. | |
| WAYNE SEIBER, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC and ZUMSTEIN, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

FILED
OCT 27 2017
By KATE BARKMAN, Clerk
Dep. Clerk

## NOTICE OF REMOVAL OF DEFENDANT WAYNE SEIBER AND CONSENT OF ALL DEFENDANTS PROPERLY JOINED AND SERVED

Defendant Wayne Seiber ("Seiber") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the First Judicial District of Pennsylvania, Court of Common Pleas, Philadelphia County, September Term 2017, No. 01061 ("State Action"), where it is now pending, to the United States District Court for the Eastern District of Pennsylvania to which all other Defendants properly joined and served consent. In support thereof, Seiber avers as follows:

## I.   IDENTIFICATION OF PARTIES AND INTERESTS

1.   On September 12, 2017, Plaintiffs instituted their State Action by filing a Complaint against the above-named Defendants. (Ex. "A," Plaintiffs' Complaint.)

2.   This action arises from a motor vehicle accident that occurred on October 19, 2015 on I-76 in Londonderry Township, Dauphin County, Pennsylvania. Plaintiffs allege that

the accident occurred when Seiber, a resident and citizen of Ohio, was operating a tractor-trailer that collided with a tractor-trailer operated by Plaintiff Rodger Kramer.  (*Id.* ¶ 15.)

3.      With respect to the other named Defendants, Plaintiffs' Complaint fails to name the proper party or allege facts against the actual parties in interest.

4.      At the time of the accident, Seiber was employed by and acting in the course and scope of his employment with Pratt (Corrugated Logistics), LLC ("PCL").  (Ex. "B," Declaration of Tina Overstreet).  PCL was not properly named or joined as a defendant in this action.

5.      At the time of the accident, Seiber was operating a tractor owned by Defendant John Cheeseman Trucking, Inc. ("JCT") and leased to an entity named Pratt (Lewisburg Container), LLC, who is not a party to this action.

6.      At the time of the accident, Seiber was pulling a trailer owned by Wells Fargo Equipment Finance Leasing, Inc., who is not a party to this action, and co-leased to PCL and its parent corporation, Defendant Pratt Industries, Inc. ("Pratt").

7.      At the time of the subject accident, neither JCT, as owner and lessor of the tractor only, nor Pratt, as a co-lessee of the trailer only, were in possession or control of the tractor-trailer being operated by Seiber.

8.      Seiber was hauling a shipment from MillerCoors ("Shipper") located in Trenton, Ohio to Shore Point Distributing located in Freehold, New Jersey.  (Ex. "C," Rate Confirmation for Load 6340912).  The shipper is generally not liable for a motor vehicle accident that occurred during transport.

9.      Based on the foregoing facts, the only party in interest that has been properly identified, named and joined as a defendant to this action is Seiber.  Although PCL, as Seiber's employer, is a party in interest, it has not been properly named or joined to this action.

10.     Defendants Cheeseman, LLC ("Cheeseman"), Zumstein, Inc. ("Zumstein") and RM ESOP, Inc. ("RM ESOP") are not parties in interest who were properly joined or served in this action. These entities did not employ Seiber; nor did they own, operate, possess or control any of the vehicles or equipment involved in this action. They were totally uninvolved with this accident and transportation arrangement, even as a shipper.

11.     Defendants Corrugated Logistics, LLC ("Corrugated Logistics"), Impress Packaging, Inc. ("Impress Packaging") and Pratt Triad Packaging, LLC ("Triad") are not legally recognized entities that could be named or joined to this action. They are fictitious entities that can be disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1).

12.     Seiber files this Notice of Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because none of the "parties in interest properly joined and served" are citizens of the Commonwealth of Pennsylvania, the state where the action was brought.

13.     There is complete diversity of citizenship between Plaintiffs and the parties in interest properly joined and served, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## II.     CITIZENSHIP OF PLAINTIFFS AND PARTIES IN INTEREST

14.     A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d. Cir. 2015).

15.     At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, Plaintiffs were/are adult individuals domiciled and residing at 34 Spring Lane, Levittown, Pennsylvania 19055 (*see* Ex. "A," ¶ 1); and thus are citizens of the Commonwealth of Pennsylvania.

3

16.    At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, Seiber was/is an adult individual domiciled and residing at 2070 Old Falls Drive, Vandalia, Ohio 45377 (*see id.* ¶ 2); and thus is a citizen of the State of Ohio.

17.    "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-105 (3d Cir. 2015) (internal citations omitted).

18.    "The citizenship of an [limited liability company ("LLC")] is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (internal citations omitted).

19.    At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, Pratt was/is a corporation incorporated in the State of Delaware with its principal place of business located at 1800 Sarasota Parkway, Conyers, Georgia 30013 (*see* Ex. "A," ¶ 3); and thus a citizen of the States of Delaware and Georgia.

20.    At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, JCT was/is a corporation incorporated in the State of Ohio with its principal place of business located at 2200 State Route 119, Fort Recovery, Ohio 45846 (*see id.* ¶ 9); and thus a citizen of Ohio.

21.    At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, Cheeseman was/is a limited liability company with its principal place of business located at 2200 State Route 119, Fort Recovery, Ohio 45846.  (*See id.* ¶ 10.)

22.    The sole member of Cheeseman is Dove Investments, Inc., which, at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times,

4

was/is a corporation incorporated in the State of Ohio with its principal place of business located at 2200 State Route 119, Fort Recovery, Ohio 45846.

23.    Therefore, Cheeseman was/is a citizen of the State of Ohio at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times. Cheeseman did not employ Seiber; nor did Cheeseman own, operate, possess or control any of the vehicles or equipment involved in this action.  It was totally uninvolved with this accident and transportation arrangement, even as a shipper.

24.    At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, RM ESOP was/is a corporation incorporated in the State of California with its principal place of business at 340 El Camino Real S, Salinas, California 93901 (*see id.* ¶ 7); and thus a citizen of the State of California.

25.    At the time of the filing of the State Action and the filing of the Notice of Removal and all other relevant times, Zumstein was/is a corporation incorporated in the State of Delaware with its principal place of business located at 701 Industrial Dr. W, Fort Recovery, OH 45846; and thus a citizen of Delaware and Ohio.[1]

## III.    IMPROPERLY NAMED, NON-EXISTENT ENTITIES AND ENTITIES WITH NO INTEREST IN THE SUBJECT MATTER

26.    As mentioned, Corrugated Logistics, Impress and Triad are fictitious entities, the citizenship of which shall be disregarded for diversity purposes.  28 U.S.C. 1441(b)(1).

27.    Plaintiffs allege that Corrugated Logistics is an entity with a principal place of business at 1800 Sarasota Parkway, Conyers, Georgia 30013 (*see* Ex. "A," ¶ 4), but there is no such entity located at that address.

---

[1] In their Complaint, Plaintiffs allege that Zumstein has a principal place of business located at 2310 Grant Building, Pittsburgh, PA 15219; however, that address is the address of its registered process agent in Pennsylvania pursuant to the Federal Motor Carrier Safety Regulations.  *See* 49 CFR 366.

28.     At the time of the filing of the State Action and the filing of the Notice of Removal, that address was the principal place of business of PCL, Seiber's employer, who is not a named defendant in this action.

29.     PCL was/is a limited liability company whose sole member is Pratt (Corrugated Holdings), Inc., which, at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, was/is a corporation incorporated in the State of Delaware with its principal place of business located at 1800 Sarasota Parkway, Conyers, Georgia 30013.

30.     Therefore, PCL was/is a citizen of the States of Delaware and Georgia at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times.

31.     Plaintiff alleges that Impress is an entity with a principal place of business located at 726 Broad Street, Emmaus, Pennsylvania 18049 (*see* Ex. "A," ¶ 5), but there is no such entity located at that address.

32.     At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, that address was the principal place of business of a company called Pratt (Impress Manufacturing), Inc. ("PIM"), which is neither a named defendant nor a party in interest to this action.

33.     At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, PIM was/is a corporation incorporated in the Commonwealth of Pennsylvania; and thus is a citizen of the Commonwealth of Pennsylvania.

34.     PIM, even if properly named and joined, has no involvement whatsoever in the subject accident. (Ex. "D," Affidavit of Gloria Arndt.).  PIM did not employ Seiber; nor did it

6

own, operate, possess or control any of the vehicles or equipment involved in this action.  It was totally uninvolved with this accident or transportation arrangement, even as a shipper.

35.     Plaintiff alleges Triad is an entity with a principal place of business at 100 Industrial Drive, Bristol, Tennessee 37620 (*see* Ex. "A," ¶ 6), but there is no such entity located at that address.

36.     At the time of the filing of the State Action and the filing of the Notice of Removal, that address was the principal place of business of Pratt (Triad Packaging), LLC ("PTP").

37.     At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, PTP was/is a limited liability company whose sole member was/is Pratt (Corrugated Holdings), Inc., which, at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, was/is a corporation incorporated in the State of Delaware with its principal place of business located at 1800 Sarasota Parkway, Conyers, Georgia 30013.

38.     Therefore, PTP was/is a citizen of the States of Delaware and Georgia at the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times.  Additionally, PTP did not employ Seiber; nor did it own, operate, possess or control any of the vehicles or equipment involved in this action.  It was totally uninvolved with this accident or transportation arrangement, even as a shipper.

## IV.     REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

### A.     NOTICE OF REMOVAL IS TIMELY FILED AND ALL JOINED AND PROPERLY SERVED DEFENDANTS CONSENT TO ITS FILING

39.     On September 27, 2017, Plaintiffs served the Complaint on Seiber by certified mail. (Ex. "E," Affidavit of Service on Seiber.)

7

40.     This notice of removal is timely filed because it was filed within thirty (30) days of service of the State Action on Seiber.

41.     On September 18, 2017, Plaintiffs served the Complaint on Pratt and RM ESOP by certified mail. (Ex. "F," Affidavit of Service on Pratt; Ex. "G," Affidavit of Service on RM ESOP.)

42.     On September 19, 2017, Plaintiffs served the Complaint on JCT and Cheeseman by certified mail. (Ex. "H," Affidavit of Service on JCT; Ex. "I," Affidavit of Service on Cheeseman.)

43.     Upon information and belief, Plaintiff served the Complaint on Zumstein by certified mail on October 16, 2017. At the time of the filing of this Notice of Removal, no affidavit of service has been filed by Plaintiff in the State Action.

44.     Pratt and JCT, the only parties in interest properly joined and served, consent to Seiber's Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(A). Cheeseman, Zumstein and RM ESOP, parties who have no interest in this matter at all, nonetheless consent to the Notice of Removal.

45.     Corrugated Logistics, Impress and Triad are improperly named and non-existent entities; therefore, these entities cannot be served and cannot consent to the Notice of Removal. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."

46.     Notwithstanding, Plaintiffs have purportedly filed Affidavits of Service in the State Action alleging that Corrugated Logistics and Triad were served by certified mail on September 18, 2017, and that Impress was served by personal service on September 25, 2017. (Ex. "J," Affidavit of Service on Corrugated Logistics; Ex. "K," Affidavit of Service on Triad; Ex. "L," Affidavit of Service on Impress.)

8

47.     The improperly named and non-existent entities who have no interest in the subject matter of this litigation were purportedly served at the principal places of business of PCL, PIM and PTP.

48.     The properly named Defendants Pratt, RM ESOP, JCT, Cheeseman and Zumstein consent to this Notice of Removal.  A copy of the Consent of the Properly Named Defendants Pratt, RM ESOP, JCT, Cheeseman and Zumstein is attached to this Notice of Removal as Exhibit "M" and has also been filed separately with the Court.

49.     PCL, PIM and PTP consent to this Notice of Removal in the event the Court deems these entities joined and properly served as defendants despite Plaintiffs' error.  A copy of the Consent of PCL, PIM and PTP is attached hereto as Exhibit "N" and has also been separately filed with the Court by and through Seiber.

50.     The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing Philadelphia County, Pennsylvania, the improper forum where the State Action was filed.  For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).[2]

51.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action."

52.     Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, and a copy of this Notice of Removal is being filed with the Prothonotary of the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

---

[2] Defendants reserve their rights to request a transfer of venue to the United States District Court for the Middle District of Pennsylvania, where the events underlying this action took place.

**B.     IF THE COURT OVERLOOKS THE ERROR OF PLAINTIFFS IN FAILING TO PROPERLY NAME DEFENDANTS, THEN NON-PARTY PRATT (IMPRESS MANUFACTURING), INC., A PENNSYLVANIA CITIZEN, HAS BEEN FRAUDULENTLY JOINED**

53.     At the time of the filing of the State Action and the filing of the Notice of Removal and at all other relevant times, Plaintiffs were/are citizens of the Commonwealth of Pennsylvania.

54.     As of the filing of this Notice of Removal, Plaintiffs have not properly joined and served any Pennsylvania defendant.

55.     While PIM is not a defendant to this action, it was/is a citizen of Pennsylvania.  If the Court overlooks the error of Plaintiffs in failing to properly name defendants and if the Court deems PIM as a defendant in this action, then PIM was fraudulently joined.

56.     The diverse defendants in a state court action may remove the case if they "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

57.     A party alleging fraudulent joinder carries a "heavy burden of persuasion" in making this showing. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

58.     Joinder is fraudulent when "there is no reasonable basis in fact or colorable ground supporting the claim"; in other words, when the claim is "wholly insubstantial and frivolous." *Id.* at 852-53.

59.     Simply naming an entity that has no direct or indirect role in the accident and alleging they had such a role for purposes of defeating diversity jurisdiction constitutes fraudulent joinder.

60.     PIM was/is a citizen of Pennsylvania, but it is not a properly named defendant in this action.  If the Court overlooks the error of Plaintiffs in failing to properly name defendants

10

and if the Court deems PIM a defendant in this action, then diversity jurisdiction would still exist because PIM had no direct or indirect involvement with Seiber, as an employer or otherwise, and because PIM had no involvement with the vehicle being used or the delivery being made by Seiber at the time of the accident. PIM was totally uninvolved with this accident or transportation arrangement, even as a shipper.

61. PIM is a company in the business of manufacturing corrugated boxes. (Ex. "D.") At the time of the accident, PIM contracted with PCL pursuant to which drivers of PCL would transport products and materials from PIM's facility in Emmaus, Pennsylvania. (*Id.*)

62. However, Seiber has never been assigned to haul anything for PIM. (Ex. "B," "D.") PIM did not employ Seiber; nor did it own, operate, possess or control any of the vehicles or equipment involved in this action. It was totally uninvolved with this accident or transportation arrangement, even as a shipper.

63. There is no cognizable legal theory under which PIM could be held liable.

64. Therefore, the joinder of PIM is fraudulent and it should not be considered in determining whether complete diversity exists among the parties.

## C.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

65. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

66. Where a case has been removed, the amount in controversy is generally gleaned from the plaintiff's complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

67. Furthermore, the estimate should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of the value of the rights being litigated." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014); *Werwinski v. Ford Motor Co.*,

286 F.3d 661, 666 (3d Cir. 2002) (*quoting Angus*, 989 F.2d at 146 (internal quotation marks omitted)).

68.     Plaintiff Rodger Kramer is asserting a claim for personal injuries, and Plaintiff Colleen Brusius is asserting a loss of consortium claim. *See generally* Ex. "A".

69.     In their Complaint, Plaintiffs seek damages in excess of $50,000.  (Ex. "A," *Ad Damnum* Clauses.)

70.     Plaintiff Rodger Kramer alleges the following injuries and damages:

> …serious, permanent, and debilitating injuries, as the direct and proximate result of the conduct of all Defendants, including, but not limited to, the following injuries:  moderate degenerative disc disease at L4-5; foraminal disc bulging with slight foraminal stenosis on the left at L3-4; slight degenerative foraminal stenosis on the left at L3-L4; slight degenerative foraminal stenosis at L4-5; mild degenerative left foraminal stenosis at L4-S1; sprain/strain of left wrist/hand; constant neck pain, headaches, back pain, irritability, neck stiffness, right-sided rib pain, numbness and tingling in the legs/toes, numbness and tingling in the arms and finger, memory loss, sleeping problems, ringing in ears, loss of balance and disorientation, multiple contusions and abrasion.  Plaintiff as a result of his traumatic injuries has been required to undergo physical therapy; Plaintiff was required to undergo injections; he sustained further injury to the bones, muscles, nerves and ligaments of his body, the full extent of which have yet to be determined; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; he has in the past been required and may in the future continue to be required to submit x-rays, MRIs, and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has incurred significant past medical bills and will likely incur future medical bills; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment; he has suffered from severe embarrassment and humiliation.

(*Id.* ¶ 17.)

71.     A December 23, 2015 letter from Vanliner Insurance Company, the workers' compensation insurance carrier for Plaintiff Rodger Kramer, stated that Plaintiff had received

benefits for medical treatment and at least two months of lost wages; Defendants believe and

therefor aver that these benefits continued.  (Ex. "M," Letter from Vanliner Insurance Company

Dated December 23, 2015.)

72.     In sum, Plaintiff Rodger Kramer is seeking damages consisting of:  1) past and

future pain and suffering; 2) past and future medical expenses; and 3) past and future lost wages.

73.     Based on the foregoing, the amount in controversy is in excess of $75,000

exclusive of interest and costs.  [3]

74.     Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. §

1332 are satisfied, *i.e.*, complete diversity of citizenship between Plaintiffs and Defendants and

the amount in controversy exceeding $75,000, this action is properly removable.

**WHEREFORE**, Defendant Seiber respectfully requests that the State Action be removed

from the Court of Common Pleas of Philadelphia Countyto the United States District Court for the

Eastern District of Pennsylvania.

Dated:  10/27/17

**MCDONNELL & ASSOCIATES, P.C.**

By:  _____

Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
Robert E. McDivitt III, Esquire
Attorney I.D. No. 201180
rmcdivitt@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(610)   337-2087 - Telephone
(610)   337-2575 - Facsimile
*Attorneys for Defendants Wayne Seiber,*
*Pratt Industries, Inc., RM ESOP, Inc., John*
*Cheeseman Trucking, Inc., Cheeseman, LLC*
*and Zumstein, Inc.*

---

[3] The Court may exercise supplemental jurisdiction over the claim of Plaintiff Colleen Brusius because there is
federal diversity jurisdiction for the claim of Plaintiff Rodger Kramer.  *See* 28 U.S.C. § 1367(b).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*FILED*

*OCT 27 2017*

*By KATE BARKMAN, Clerk*
*Dep. Clerk*

| | | |
|---|---|---|
| RODGER KRAMER and COLLEEN BRUSIUS, h/w<br>　　　Plaintiffs, | : | CIVIL ACTION |
| | : | |
| | : | Case No. _____ |
| v. | : | |
| | : | |
| WAYNE SEIBER, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC and ZUMSTEIN, INC.<br>　　　Defendants. | : : : : : : : : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Robert E. McDivitt III, Esquire, hereby certify that on October 27, 2017, the Notice of Removal of Defendant Wayne Seiber with Consent of All Defendants Properly Joined and Served was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic and first class mail on this same date on the following:

Brian E. Fritz, Esquire
Robyn L. Goldenberg, Esquire
Fritz, Goldenberg & Bianculli, LLC
1515 Market Street, Suite 1801
Philadelphia, PA 19102
*Attorneys for Plaintiffs*

Dated: 10/27/17

MCDONNELL & ASSOCIATES, P.C.

By: _____

Patrick J. McDonnell, Esquire
Robert E. McDivitt III, Esquire
Metropolitan Business Center
860 1ˢᵗ Avenue, Suite 5B
King of Prussia, PA 19406
(610)　337-2087 - Telephone
(610)　337-2575 - Facsimile
*Attorneys for Defendants Wayne Seiber, Pratt Industries, Inc., RM ESOP, Inc., John Cheeseman Trucking, Inc., Cheeseman, LLC and Zumstein, Inc.*

14

# Exhibit A

| | |
|---|---|
| **FRITZ, GOLDENBERG & BIANCULLI, LLC**<br>By:    BRIAN E. FRITZ, ESQUIRE<br>       ROBYN L. GOLDENBERG, ESQUIRE<br>Attorney ID Nos. 84044/86906<br>1515 Market Street, Suite 1801<br>Philadelphia, PA 19102<br>(215) 458-2222<br>bfritz@fritzgoldenberg.com<br>robyn@fritzgoldenberg.com | THIS IS NOT AN ARBITRATION MATTER.<br>A JURY OF 12 PERSONS IS DEMANDED.<br><br>*Filed and Attested by the*<br>*Office of Judicial Records*<br>*12 SEP 2017 11:26 am*<br>*M. BRYANT*<br><br>**ATTORNEYS FOR PLAINTIFFS** |
| RODGER KRAMER and COLLEEN BRUSIUS, h/w<br>34 Spring Lane<br>Levittown, PA 19055<br><br>    vs.<br><br>WAYNE SEIBER<br>2070 OLD FALLS DRIVE<br>Vandalia, OH 45377<br><br>And<br><br>PRATT INDUSTRIES, INC.<br>1800 Sarasota Parkway NE, Suite C<br>Conyers, GA 30013<br><br>And<br><br>CORRUGATED LOGISTICS, LLC<br>1800 Sarasota Parkway NE, Suite C<br>Conyers, GA 30013<br><br>And<br><br>IMPRESS PACKAGING, INC.<br>726 Broad Street<br>Emmaus, PA 18049<br><br>And<br><br>PRATT TRIAD PACKAGING, LLC<br>100 Industrial Drive<br>Bristol, TN 37620-5423<br><br> And | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>LAW DIVISION<br><br>SEPTEMBER TERM, 2017<br><br>NO. |

1

RM ESOP, INC.
340 El Camino Real S
Salinas, CA 93901-4553

And

JOHN CHEESEMAN TRUCKING, INC.
2200 State Route 119
Fort Recovery, OH 45846

And

CHEESEMAN, LLC
2200 State Route 119
Fort Recovery, OH 45846

And

ZUMSTEIN, INC.
2310 Grant Building
Pittsburgh, PA 15219

## COMPLAINT IN CIVIL ACTION

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

"AVISO"

'Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO O LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

1.   Plaintiffs, Rodger Kramer and Colleen Brusius, h/w, are adult individuals residing

at 34 Spring Lane, Levittown, PA 19055.

2.      Defendant, Wayne Seiber, is an adult individual who resides at 2070 Old Falls Drive, Vandalia, OH 45377.

3.      Defendant, Pratt Industries, Inc., is a corporation or other business entity with its principal place of business located at 1800 Sarasota Parkway, Conyers, GA 30013, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

4.      Defendant, Corrugated Logistics, LLC, is a corporation or other business entity with its principal place of business located at 1800 Sarasota Parkway, Conyers, GA 30013, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

5.      Defendant, Impress Packaging, Inc., is a corporation or other business entity with its principal place of business located at 726 Broad Street, Emmaus, PA 18049, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

6.      Defendant, Pratt (Triad Packaging), LLC, is a corporation or other business entity with its principal place of business located at 100 Industrial Drive, Bristol, TN 37620, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

7.      Defendant, RM ESOP, Inc., is a corporation or other business entity with its principal place of business located at 340 El Camino Real S, Salinas, CA 93901, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

3

8.     Defendants, Pratt Industries, Inc., Corrugated Logistics, LLC, Impress Packaging, Inc., Pratt (Triad Packaging), LLC and RM ESOP, Inc., will collectively be referred hereinafter as "The Pratt Defendants."

9.     Defendant, John Cheeseman Trucking, Inc., is a corporation or other business entity with its principal place of business located at 2200 State Route 119, Fort Recovery, OH 45846 and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

10.     Defendant, Cheeseman, LLC, is a corporation or other business entity with its principal place of business located at 2200 State Route 119, Fort Recovery, OH 45846 and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

11.     Defendant, Zumstein, Inc., is a corporation or other business entity with its principal place of business located at 2310 Grant Building, Pittsburgh, PA 15219, and, at all times relevant hereto, engaged in substantial, continuous and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

12.     Defendants, John Cheeseman Trucking, Inc., Cheeseman, LLC and Zumstein, Inc., will collectively be referred hereinafter as "The Cheeseman Defendants."

13.     At all times relevant hereto, Defendant, Wayne Seiber, the Pratt and the Cheeseman Defendants, were acting individual and/or by and through their agents, servants, workmen and/or employees within the course and scope of their employment.

4

## OPERATIVE FACTS

14.     On or about October 19, 2015, Defendant, Seiber, while working for the Pratt and/or Cheeseman defendants was traveling in the right lane on Eastbound I-76, while Plaintiff, Rodger Kramer, was traveling in the left lane in the same direction.

15.     Suddenly, and without warning, Defendant, so carelessly, negligently and recklessly operated his vehicle to drift into Plaintiff's lane without warning, colliding into Plaintiff's vehicle and causing Plaintiff to sustain the injuries and other losses hereinafter more fully set forth.

16.     At the time of the accident, Plaintiff received a citation from the Pennsylvania State Police for violating "3309 Roadways Laned for Traffic," careless passing and/or lane change.

17.     As a direct result of this accident, Plaintiff was caused to sustain serious, permanent, and debilitating injuries, as the direct and proximate result of the conduct of all Defendants, including, but not limited to, the following injuries: moderate degenerative disc disease at L4-5; foraminal disc bulging with slight foraminal stenosis on the left at L3-L4; slight degenerative foraminal stenosis at L4-5; mild degenerative left foraminal stenosis at L4-S1; sprain/strain of left wrist/hand; constant neck pain, headaches, back pain, irritability, neck stiffness, right-sided rib pain, numbness and tingling in the legs/toes, numbness and tingling in arms and finger, memory loss, sleeping problems, ringing in ears, loss of balance and disorientation, multiple contusions and abrasions. Plaintiff as a result of his traumatic injurie has been required to undergo physical therapy; Plaintiff was required to undergo injections; he sustained further injury to the bones, muscles, nerves and ligaments of his body, the full extent of which have yet to be determined; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; he has in the past been required and may

5

in the future continue to be required to submit to x-rays, MRIs, and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has incurred significant past medical bills and will likely incur future medical bills; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment; he has suffered from severe embarrassment and humiliation.

## COUNT I - NEGLIGENCE
## PLAINTIFF, RODGER KRAMER VS. DEFENDANT, WAYNE SEIBER

18. Plaintiffs incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa. R.C.P. 1019(g).

19. At all relevant times herein and material hereto, Defendant, Wayne Seiber, operated, managed, controlled and/or maintained control over the tractor trailer truck and was therefore, responsible for the safety of others on the roadway, including, but not limited to, the Plaintiff.

20. At all relevant times herein and material hereto, Defendant, Wayne Seiber, owed Plaintiff a common law and statutory duty of care to operate a vehicle within the laws of the Commonwealth of Pennsylvania.

21. At all relevant times herein and material hereto, Defendant, Wayne Seiber, operated a vehicle negligently, carelessly and recklessly, which caused Plaintiff to suffer injuries to his body and property:

      (a)    operating a motor vehicle recklessly and negligently within the laws of the Commonwealth of Pennsylvania;

      (b)    operating his vehicle at an excessive rate of speed;

6

(c)     failing to keep an adequate and proper lookout for others, like Plaintiff, on the roadway;

(d)     failing to maintain proper and adequate control of said vehicle;

(e)     failing to yield to other traffic on the roadway;

(f)     failing to obey traffic controls;

(g)     failing to take evasive action to avoid impact with another vehicle;

(h)     failing to exercise a reasonable duty of care in observing other vehicles;

(i)     failing to keep a proper lookout;

(j)     failing to consistently maintain his daily logs in violation of VC 4107b2;

(k)     failing to follow Federal Motor Carrier Safety Association (FMCSA) rules and regulations;

(j)     failing to use a turn signal to switch lanes; and

(k)     in being otherwise careless, reckless and negligent, the particulars of which are presently unknown to Plaintiffs but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

22.     By reason of the carelessness, negligence and recklessness of Defendant, Seiber, as aforesaid, Plaintiff sustained serious and permanently disabling injuries and damages more fully set forth in Paragraph 17 of this Complaint, and incorporated by reference herein.

**WHEREFORE,** Plaintiff, Rodger Kramer, claims of Defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000) in damages, exclusive of interest, and delay damages, pursuant to Pa. R.C.P. 238, and brings this action to recover the same.

7

## COUNT II - NEGLIGENT ENTRUSTMENT
## PLAINTIFF, RODGER KRAMER VS. DEFENDANTS, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC AND ZUMSTEIN, INC.

23.     Plaintiff incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa. R.C.P. 1019(g).

24.     The independent negligence of the Pratt and Cheeseman Defendants, consisted of: the following:

   a) Entrusting and making its motor vehicle available to Defendant, Wayne Seiber, when it knew, or in the exercise of reasonable care, should have known that Defendant, Wayne Seiber, was not capable of operating his motor vehicle safely upon the public roadways;

   b) Entrusting and making its motor vehicle available to Defendant, Wayne Seiber, for use when Defendants, knew, or in the exercise of reasonable care, should have known that Defendant, Wayne Seiber, was capable of driving the vehicle in an improper, dangerous and reckless manner;

   c) Allowing unqualified employees, such as Defendant, Wayne Seiber, to drive its motor vehicle;

   d) Failing to supervise employees, such as Defendant, Wayne Seiber, and allowing them to utilize its motor vehicle in unreasonable and dangerous manner;

   e) Failing to adequately convey policies and procedures to its employees for the proper use of its motor vehicle.

25.     By reason of the carelessness, negligence and recklessness of the Pratt and Cheeseman Defendants, as aforesaid, Plaintiff sustained serious and permanently disabling injuries

8

and damages more fully set forth in Paragraph 17 of this Complaint, and incorporated by reference herein.

**WHEREFORE,** Plaintiff, Rodger Kramer, claims of Defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000) in damages, exclusive of interest, and delay damages, pursuant to Pa. R.C.P. 238, and brings this action to recover the same.

## COUNT III – NEGLIGENCE
### PLAINTIFF, RODGER KRAMER VS. DEFENDANTS, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC AND ZUMSTEIN, INC.

26.     Plaintiff incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

27.     At all relevant times material hereto, the Pratt and the Cheeseman Defendants, employed Defendant Seiber to operate the aforementioned tractor trailer truck.

28.     At all relevant times material hereto, Defendant, Wayne Seiber, was the agent, servant and employee of the Pratt and the Cheeseman Defendants, and was acting within the scope of his employment.

29.     The Pratt and the Cheeseman Defendants owed Plaintiff a common law duty of care to exercise reasonable care in selecting, supervising and controlling employees such as Defendant, Wayne Seiber.

30.     The Pratt and the Cheeseman Defendants knew or should have known, in the exercise of ordinary care, of the necessity to train, monitor and exercise control over employees, such as Defendant, Wayne Seiber.

9

31.     The Pratt and the Cheeseman Defendants, breached the duty of care owed to

Plaintiff by:

a) failing to ensure employee, Defendant, Wayne Seiber, was qualified to operate a motor vehicle safely on public roadways;

b) failing to properly train employee, Defendant, Wayne Seiber, to obey regulations governing safe operations of motor vehicles;

c) failing to supervise employee, Defendant, Wayne Seiber, to ensure proper operation of a motor vehicle safely on public roadways;

d) failing to exercise sufficient control and supervision of employee, Defendant, Wayne Seiber, in obeying regulations applicable to safe operations of motor vehicles;

e) failing to hire competent employees, such as Defendant, Wayne Seiber;

f) negligently entrusting a vehicle owned by Defendant to one who they knew or should have known was unqualified or unable to operate said vehicle;

g) failing to properly evaluate the background and/or driving history of employees, such as Defendant, Wayne Seiber;

h) failing to adopt and/or enforce appropriate and adequate hiring policies and procedures;

i) failing to adequately test, observe and/or otherwise evaluate employees' competence and qualifications;

j) failing to adopt, enforce, and/or observe applicable regulations governing the safe operation of motor vehicles;

k) hiring incompetent, unfit and unsafe motor vehicle operators;

10

l) failing to have in place adequate policies and procedures;

m) acting at all times in an otherwise careless, negligent, grossly negligent and/or reckless manner.

32.    By reason of the carelessness, negligence and recklessness of the Pratt and Cheeseman Defendants, as aforesaid, Plaintiff sustained serious and permanently disabling injuries and damages more fully set forth in Paragraph 17 of this Complaint, and incorporated by reference herein.

**WHEREFORE,** Plaintiff, Rodger Kramer, claims of Defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000) in damages, exclusive of interest, and delay damages, pursuant to Pa. R.C.P. 238, and brings this action to recover the same.

## COUNT IV -VICARIOUS LIABILITY
## PLAINTIFF, RODGER KRAMER VS. DEFENDANTS, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMA TRUCKING, INC., CHEESEMAN, LLC AND ZUMSTEIN, INC.

33.    Plaintiff incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa. R.C.P. 1019(g).

34.    At all relevant times material hereto, the Pratt and the Cheeseman Defendants employed Defendant, Wayne Seiber, to operate the aforementioned vehicle.

35.    At all relevant times material hereto, Defendant, Wayne Seiber, was the agent, servant, and employee of the Pratt and the Cheeseman Defendants was acting within the scope of his employment.

36.    The Pratt and the Cheeseman Defendants were vicariously liable for the action, inactions and/or omission of its agent, servant and employee, Defendant, Wayne Seiber.

Case ID: 170901061

37.     As a direct and proximate result of the negligent acts, omissions or failures to act, of the Pratt and the Cheeseman Defendants' agent, servant, and employee, Defendant, Wayne Seiber, Defendants caused Plaintiff to suffer serious and debilitating injuries.

38.     By reason of the carelessness, negligence and recklessness of Defendants, as aforesaid, Plaintiff sustained serious and permanently disabling injuries and damages more fully set forth in Paragraph 17 of this Complaint, and incorporated by reference herein.

**WHEREFORE,** Plaintiff, Rodger Kramer, claims of Defendants, jointly and severally, a sum in excess of Fifty Thousand Dollars ($50,000) in damages, exclusive of interest, and delay damages, pursuant to Pa. R.C.P. 238, and brings this action to recover the same.

### COUNT V – LOSS OF CONSORTIUM
### PLAINTIFF, COLLEEN BRUSIUS VS. DEFENDANTS, WAYNE SEIBER, PRATT INDUSTRES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT (TRIAD PACKAGING), LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC AND ZUMSTEIN, INC.

39.     Plaintiffs incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa. R.C.P. 1019(g).

40.     Plaintiff, Colleen Brusius, is the wife of plaintiff, Rodger Kramer, and as such is entitled to the society, companionship and services.

41.     By reason of the defendants' carelessness, negligence and recklessness, wife-plaintiff, Colleen Brusius, has suffered a loss of consortium and has been deprived of her husband's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance.

12

WHEREFORE, Plaintiffs, Rodger Kramer and Colleen Brusius, h/w, claims of defendants, jointly and severally, separate sums in excess of Fifty Thousand Dollars ($50,000.00) in damages, exclusive of interest, and delay damages, pursuant to Pa. R.C.P. 238, and brings this action to recover the same.

Respectfully submitted,

**FRITZ, GOLDENBERG & BIANCULLI, LLC**

*Brian C. Fritz*

BRIAN E. FRITZ, ESQUIRE
ROBYN L. GOLDENBERG, ESQUIRE

Attorneys for Plaintiffs,
Rodger Kramer & Colleen Brusius, h/w

13

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

RODGER KRAMER

DATE:        September 11, 2017

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RODGER KRAMER and COLLEEN BRUSIUS, h/w      Plaintiffs, | : : : | CIVIL ACTION |
| v. | : : : | Case No. _____ |
| WAYNE SEIBER, PRATT INDUSTRIES, INC., CORRUGATED LOGISTICS, LLC, IMPRESS PACKAGING, INC., PRATT TRIAD PACKAGING, LLC, RM ESOP, INC., JOHN CHEESEMAN TRUCKING, INC., CHEESEMAN, LLC and ZUMSTEIN, INC.      Defendants. | : : : : : : : : | JURY TRIAL DEMANDED |

## DECLARATION OF TINA OVERSTREET
## ATTESTING TO EMPLOYMENT OF WAYNE SEIBER AND NON-INVOLVEMENT
## OF PRATT (IMPRESS MANUFACTURING), INC.

I, Tina Overstreet, declare that:

1.      I am the Director of Safety and Compliance for Pratt (Corrugated Logistics), LLC

("PCL"), a Delaware limited-liability company providing logistics and motor-carrier services.

2.      Since 2005 PCL has had its principal place of business located at 1800 Sarasota

Parkway, Conyers, Georgia 30013.

3.      I am responsible for overseeing safety training and compliance at PCL as well as

investigation of accidents involving drivers employed by PCL.

4.      I am aware of the lawsuit filed by Plaintiffs Rodger Kramer and Colleen Brusius

("this Lawsuit") in which they allege that Mr. Kramer was injured in a motor-vehicle accident

("the alleged accident") near mile-marker 252.9 on Eastbound I-76 in Londonberry Township,

Dauphin County, Pennsylvania, on October 19, 2015, when a tractor-trailer operated by

Defendant Wayne Seiber allegedly collided with the tractor-trailer that Mr. Kramer was operating.

5.      Mr. Seiber was employed by PCL at the time of the alleged accident. He was principally assigned to drive for one of our customers, Pratt (Lewisburg Container), LLC ("Lewisburg Container") at its location in Lewisburg, Ohio, but would occasionally be assigned to drive for another customer.

6.      At the time of the alleged accident, Mr. Seiber was hauling a shipment of beer for PCL's customer MillerCoors, from the customer's pick-up location in Trenton, Ohio, to the customer's drop-off location at Shore Point Distributing located in Freehold, New Jersey.

7.      I have reviewed the police report for the alleged accident, which states that Mr. Seiber was operating a 2013 International Harvester ProStar with vehicle-identification number 3HSDJSJRXDN302097, bearing Ohio License Plate No. PVU5923 ("the subject tractor") and was pulling a Hyundai trailer bearing Maine Tag No. 2449176 ("the subject trailer").

8.      At the time of the alleged accident, the subject tractor was leased by our customer Lewisburg Container, and PCL was using it pursuant to PCL's contractual relationship with Lewisburg Container. At the time of the alleged accident, PCL and its parent corporation Pratt Industries, Inc. ("Pratt") were leasing the subject trailer from Wells Fargo Equipment Finance Leasing, Inc.

9.      Another one of PCL's customers is Pratt (Impress Manufacturing), Inc. ("PIM"), located in Emmaus, Pennsylvania.

10.     PCL and PIM are legally distinct and separate entities that share no ownership interests with each other.

11.     Under PCL's contractual relationship with PIM, PCL provides PCL-employed drivers to transport products and materials to and from PIM's Emmaus facility.

12.     PCL has never assigned Mr. Seiber to haul anything for PIM.

13.     Mr. Seiber was not hauling anything for PIM at the time of the alleged accident, and PIM did not ship the products that Mr. Seiber was hauling at the time of the alleged accident.

14.     PIM was not a party to the leases for the subject tractor or the subject trailer; did not own either piece of equipment; and had no right to operate or use either piece of equipment.

15.     Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/26/2017

Tina Overstreet

# Exhibit C

Order # 2092841



# Rate Confirmation
# Load 6340912

COYOTE

Send invoices to:
PrivateFleetAp@coyote.com
960 Northpoint Parkway
Suite 150
Alpharetta, GA 30005

877-6COYOTE
(877-626-9683)

## Cust Requirements

| Equipment | Van, Reefer, 48' |
|---|---|
| Pre Cooled Temp | None |
| Tarps | NA |
| Value | $50,000 |
| Attributes | - |

## Booked By

Neil Sipress
neil.sipress@coyote.com
Phone: (773) 365-6175 x6175
Fax: (773) 365-4175



## Get CoyoteGO Today!

• Dispatch
• Send updates
• Check in
• Submit paperwork

*Available for Android or iPhone, at App Store or Google Play*

## Notes

All Van/Container loads MUST be sealed at origin either by shipper or driver with a seal number noted on bill of lading. In the event a shipment that was sealed at origin arrives at the destination with a tampered seal or without the seal intact then (i) the Carrier shall be liable for any shortage or damage claims with respect to such shipment and (ii) the shipper shall have the right, in its sole discretion, to deem the entire shipment damaged, contaminated and unsalvageable, without the need for any inspection and the Carrier shall be liable for the full value of the shipment.

Monday

## Route Directions

Carrier acknowledges that any routing instructions from the shipper herein are being provided for convenience only, and the Carrier may choose the route except as otherwise set forth herein.

## Stop 1: Pick Up

Stop Nums A64Y

Facility MillerCoors Trenton

Address 2647 Wayne Madison
Trenton, OH 45067

Contact Jeffery Hopkins

Appointment Scheduled For
Fri 10/16/2015 -
Mon 10/19/2015
at 23:59

Driver Work
No Touch

**Facility Notes**

\*\*2 load locks/straps required. Driver is responsible for securing load before departure
\*\*Driver must have a valid official US drivers license (no photo copy)
\*\*Driver is responsible for applying bulkhead before loading
\*\*Tandems must be able to slide
\*\*Trailer must be empty, clean, dry with no holes
\*\*Detention times must be printed from Miller at outgate

\*\*Trailer must be able to scale 45,000 to haul this load

| Commodity | Packaging | Load On | Weight | Pieces |
|---|---|---|---|---|
| MILLER64 30/12 CAN LS | Pallet | | 2,045 lbs | 1 |
| KEYSTONE ICE 30/12 CAN LS | Pallet | | 6,074 lbs | 3 |
| KEYSTONE ICE 24/12 CAN 2/12 | Pallet | | 4,343 lbs | 2 |
| THIRD SHFT AMB LAGER 24/12 LN NR 4/6 | Pallet | | 2,066 lbs | 1 |

Wayne

# → **Rate Confirmation**          **Load 6340912**

| | | | |
|---|---|---|---|
| HIGH LIFE | Pallet | 2,741 lbs | 2 |
| Beer | Pallet | 9,706 lbs | 5 |
| LITE 12/40 NR LS | Pallet | 6,970 lbs | 3 |
| HAMMS 30/12 CAN LS | Pallet | 9,402 lbs | 4 |

Total **43,347 lbs**

Directions are provided for convenience only. The Carrier may choose the route.

**From Columbus, OH:**

If you are coming from north, south, or east of Trenton:
1.) Take EXIT 29 at I-75.  Route 63 for about 5 miles.
2.) Route 4 south.
3.) Take a right onto Liberty Fairfield Rd. This become Wayne Madison Rd.
4.) The brewery is approx. 3 miles on the left.
513-896-9200 for dirx press 7

**From Indianapolis, IN:**

If you are west of Trenton:
1.) Take EXIT 10 on I-70, take Route 127 south to Route 73 east to Wayne Madison Rd.
2.) Turn right onto Wayne Madison Rd.
3.) The brewery is approx. 1 mile on the right.
513-896-9200 for dirx press 7

Carriers may also call (614) 491-6305 for directions if needed.

## Stop 2: Delivery

| | | |
|---|---|---|
| Stop Nums A64Y | | **Facility Notes** |
| Facility Shore Point Distributing | Appointment Scheduled For Tue 10/20/2015 at 11:00 | Driver must CALL Coyote & ask for LIQUOR PERMIT as soon as loaded. No detention or layovers due to delays caused by not requesting permit ahead of time will be approved.*Signed and printed paperwork must be dropped within 48 hours for accessorials **Signed and printed paperwork must be dropped within 48 hours for accessorials |
| Address 100 Shore Point Dr Freehold, NJ 07728 | Driver Work No Touch | |
| Contact LOCATION CONTACT | | |

| Commodity | Packaging | Load On | Weight | Pieces |
|---|---|---|---|---|
| MILLER64 30/12 CAN LS | Pallet | | 2,045 lbs | 1 |
| KEYSTONE ICE 30/12 CAN LS | Pallet | | 6,074 lbs | 3 |
| KEYSTONE ICE 24/12 CAN 2/12 | Pallet | | 4,343 lbs | 2 |
| THIRD SHFT AMB LAGER 24/12 LN NR 4/6 | Pallet | | 2,066 lbs | 1 |
| HIGH LIFE | Pallet | | 2,741 lbs | 2 |
| Beer | Pallet | | 9,706 lbs | 5 |
| LITE 12/40 NR LS | Pallet | | 6,970 lbs | 3 |
| HAMMS 30/12 CAN LS | Pallet | | 9,402 lbs | 4 |

Total **43,347 lbs**

Directions are provided for convenience only. The Carrier may choose the route.

Page 2 of 4

# ➤ **Rate Confirmation**    **Load 6340912**
COYOTE

**From Freehold, NJ:**

(732) 308-3297

Carriers may also call (614) 491-6305 for directions if needed.

## Charges

| Description | Units | Per | Amount |
|---|---|---|---|
| Fuel Surcharge | 611.00 | $0.210 | $128.31 |
| Flat Rate | 1.00 | $1371.690 | $1371.69 |
| Total | | | $1,500.00 |

## Contact

**Send invoices to:**
**960 Northpoint Parkway**
**Suite 150**
**Alpharetta, GA 30005**

Please contact Coyote
at 877-626-9683 if the
charges are incorrect.

## Agreement

| | | | |
|---|---|---|---|
| Carrier | Corrugated Logistics, LLC | Broker | Coyote Logistics, LLC |
| Phone | (937) 583-4989 | Rep | Neil Sipress |
| Email | rcultice@prattindustries.com | Title | Sales Rep |
| Fax | None | Phone | (773) 365-6175  x6175 |
| | | Fax | (773) 365-4175 |
| | | Date | 10/15/2015 |

*By signing below, Corrugated Logistics, LLC agrees to the terms and conditions set forth below and provided herewith, if any.*

_____

Name and Title (Print)

_____

Signature                                                    Date

**PLEASE SIGN THIS AGREEMENT AND FAX TO (773) 365-4175**

Coyote Logistics, LLC is an Equal Opportunity Employer

# ➡ **Rate Confirmation**　　　　**Load 6340912**

## Terms and Conditions

The Broker-Carrier Agreement between Coyote Logistics, LLC, a Licenced Property Broker - MC #561135-B, and Corrugated Logistics, LLC is amended by the verbal agreement between Neil Sipress of Coyote Logistics, LLC hereafter referred to as BROKER, and Robin Cultice of Corrugated Logistics, LLC hereafter referred to as CARRIER, dated 10/15/2015.

This confirmation is subject to the terms of the master Broker-Carrier agreement and this document constitutes an amendment to the master agreement. If the carrier has not signed a master agreement, then the rate shown above is the agreed individually negotiated rate and no other rate shall apply including any carrier tariff rate or terms.

THIS LOAD SHALL NOT BE DOUBLE BROKERED. No additional charges not listed above may be added by the carrier. Any additional charges must appear on a revised confirmation sheet signed by the broker. Carrier must include signed copy of the shipper's bill of lading and any other proof of delivery with invoice to Broker. Rates, except as specifically designated above, are inclusive of any fuel surcharge. Carrier certifies that any transport refrigeration unit will comply with the in-use requirements of California's TRU regulations. Carrier shall be responsible for any fines imposed on Broker and/or shipper resulting from noncompliance.

CARRIER hereby confirms that it maintains applicable and valid insurance without exclusions that would prevent coverage for the items listed above. CARRIER has at least $100,000.00 in cargo insurance and $1,000,000.00 in automotive liability coverage. Carrier further confirms that in transporting the shipment described hereinabove, it will comply with all U.S. DOT regulations applicable to its operations while transporting said shipment, including, but not limited to drivers' hours of service. Carrier agrees to the attached requirements from the shipper, if any.

**ALL LOADS ARE SUBJECT TO ELECTRONIC MONITORING**

**THIS SHIPPING ORDER**

MUST BE LEGIBLY FILLED IN, IN INK, IN INDELIBLE
PENCIL, OR IN CARBON; AND RETAINED BY THE AGENT

*Door 15*

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading,
the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination. If on its route, otherwise to deliver to another carrier on the route to the said destination. It is mutually agreed, as to each carrier of all or any of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to the terms and conditions of the Uniform Domestic Straight Bill of lading set forth (1) in Official, Southern, Western and Illinois Freight Classifications in effect on the date hereof, if this is a rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.
Shipper hereby certifies that he is familiar with all of the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| FROM | **MILLERCOORS** | | |
|---|---|---|---|
| AT | 2525 WAYNE MADISON ROAD    TRENTON OHIO 45067    MILLERCOORS | | TRENTON BREWERY |
| | BREWED BY    MILLERCOORS | | |

| MILLERCOORS ORDER NUMBER | TRUCK CONTROL NUMBER | PAGE NUMBER OF BILL OF LADING |
|---|---|---|
| 05-A64Y-11 | S52859 | 1 OF 1 |

**ACTUAL DATE/TIME LOADED**
10/18/15 07:29

| SOLD TO | SHIP TO |
|---|---|
| SHORE POINT DISTRIBUTING CO., | SHORE POINT DISTRIBUTING CO., |
| P.O. BOX 275 | 100 SHORE POINT DRIVE |
| ADELPHIA NJ 07710 | FREEHOLD NJ 07728 |

*2092841*

ROUTING
CLLQ - COYOTE LOGISTIC

DISTRIBUTOR
CONTACT  JOANNE HARDING
(732)308-3334

311

| QUANTITY | MILLERCOORS SKU NUMBER AND DESCRIPTION OF ITEMS SHIPPED | | WEIGHT SUBJECT TO VERIFICATION | CARRIER IDENTIFICATION |
|---|---|---|---|---|
| | BEER ITEMS STCC# 2082110 *** PERISHABLE *** | | | CLLQ |
| 100 | 0123P4RG1 | HIGH LIFE | 12/32 NR LS PLS | 2620.00 | |
| 567 | 572S54RG1 | LITE | 24/12 SNNR 4/6 | 17010.00 | TRAILER CAN CONTAINER NUMBER |
| 364 | 6H3414E1 | HAMMS | 30/12 CAN LS | 9131.00 | 191222CORRUGATE |
| 78 | G53413E1 | MILLER64 | 30/12 CAN LS | 1970.00 | |
| 234 | JO3415E50 | KEYSTONE I | 30/12 CAN LS | 5908.00 | SEAL NUMBERS |
| 209 | JO3505E50 | KEYSTONE I | 24/12 CAN 2/12 | 4222.00 | ASSIGNED AT |
| 64 | UA2055R50 | THR SFT AL | 24/12 LN NR 4/6 | 1990.00 | DISPATCH |
| | | **WEIGHT SUB-TOTAL** | 42911.00 | SEAL NUMBERS AT TIME |
| | | | | OF DEPARTURE IF DIFFERENT |
| | ***** ADD PALLETS AND DUNNAGE WEIGHTS ***** | | | THAN SEALS ISSUED AT DISPATCH (II OUT AREA IF |
| 22 | 984000 | PALLETS | 45.00# EA | 990.00 | NEW SEALS HOT ISSUED AT |
| 6 | 984074 | PLASTIC BULKHEAD | 29.50# EA | 177.00 | TIME OF DEPARTURE) |
| 4 | 984075 | PLASTIC SEP PADS | 18.00# EA | 72.00 | TAX IMPORT PERMIT INFORMATIO |
| | | | | IMPORT RELEASE LICENSE PERMI |
| | PALLETS & DUNNAGE WEIGHT SUB-TOTAL | | 1239.00 | |
| | | | | TAX CODE    1 |
| | | **TOTAL WEIGHT** | 44150.00 | |
| | | | | TAX KEG STAMPS    NO |

TOTAL BARRELS: 131.90310

CHANGES MADE
10/14/15 02:32 CARRIER CHANGED FROM CLLQ TO CLLQ

*** 3.2 BEER ON THIS ORDER ***

**RECEIVED**
OCT 20 2015
BY: *Shei A*

Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

J. HOPKINS
(Signature of Consignor)

If charges are to be prepaid write or stamp here. To be Prepaid

TO BE PREPAID

The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Consolid Uniform Freight Classification.

FREIGHT RATE OR CHARGE

The driver whose signature appears below, acknowledges receipt, understanding, and compliance with the Driver Safety & Disclaimer Sheet.
El conductor, cuya firma aparece abajo, confirma recepcion, entendimiento y cumplimiento de la Hoja de Seguridad y de Descargo de Responsabilidad del Conductor.

MILLERCOORS SHIPPER, THIS SHIPMENT IS CORRECTLY DESCRIBED, SUBJECT TO VERIFICATION BY THE RAILROAD INSPECTION BUREAU

F2112 REV.

| PER | JEFFERY A. HOPKINS | | MILLERCOORS (SHIPPER) | TRENTON BREWERY | |
|---|---|---|---|---|---|
| DATE  10/18/15 | CARRIER | PER | | DATE  10/18/15 | |

05-A64Y-11

| LOADER  PO10 | SUPERVISORS SIGNATURE | tv04 | DISPATCH - TRUCKER (TRUCKS ONLY) OR PLANT TRAFFIC (RAILS ONLY) - REVIEWED BY GUARD (TRUCKS O |

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODGER KRAMER and COLLEEN BRUSIUS, h/w | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | Case No. _____ |
| v. | : | |
| | : | |
| WAYNE SEIBER, PRATT | : | JURY TRIAL DEMANDED |
| INDUSTRIES, INC., CORRUGATED | : | |
| LOGISTICS, LLC, IMPRESS | : | |
| PACKAGING, INC., PRATT TRIAD | : | |
| PACKAGING, LLC, RM ESOP, INC., | : | |
| JOHN CHEESEMAN TRUCKING, INC., | : | |
| CHEESEMAN, LLC and ZUMSTEIN, INC. | : | |
| Defendants. | : | |

## DECLARATION OF GLORIA ARNDT ATTESTING TO NON-INVOLVEMENT OF PRATT (IMPRESS MANUFACTURING), INC.

I, Gloria Arndt, declare that:

1.    I am the Assistant Controller for Pratt (Impress Manufacturing), Inc. ("PIM").

2.    I am responsible for invoicing and collections and performance of other administrative tasks at Impress.

3.    For the past several years and at all relevant times, PIM has had a single place of business located at 726 Broad Street, Emmaus, Pennsylvania 18049.

4.    I am aware of the lawsuit filed by Plaintiffs Rodger Kramer and Colleen Brusius ("this Lawsuit") in which they allege that Mr. Kramer was injured in a motor-vehicle accident ("the alleged accident") near mile-marker 252.9 on Eastbound I-76 in Londonberry Township,

Dauphin County, PA, on October 19, 2015, when a tractor-trailer operated by Defendant Wayne Seiber allegedly collided with the tractor-trailer that Mr. Kramer was operating.

5.     At all relevant times, PIM was/is a corporation incorporated in the Commonwealth of Pennsylvania.

6.     At all relevant times, PIM was/is in the business of manufacturing corrugated boxes.

7.     PIM neither employed Mr. Seiber nor contracted with him for any services. In fact, PIM had never heard of Mr. Seiber before this Lawsuit.

8.     I understand that Mr. Seiber worked for Pratt (Corrugated Logistics), LLC ("PCL") at the time of the alleged accident. PIM and PCL are legally distinct and separate entities that share no ownership interests with each other.

9.     For the past several years (including 2015) PIM has had a contractual relationship with PCL in which PCL assigns its employed drivers to PIM's location to transport products and materials to and from PIM's facility. Mr. Seiber has never been assigned to PIM's location, and PIM has never worked with a driver named Wayne Seiber.

10.    Mr. Seiber was not hauling anything for PIM at the time of the alleged accident.

11.    PIM did not own or lease the tractor or trailer operated by Wayne Seiber at the time of the alleged accident.

12.    PIM was not shipping or receiving the products that Wayne Seiber was hauling at the time of the alleged accident.

13.    PIM had no involvement whatsoever in the trip being made by Wayne Seiber

at the time of the alleged accident.

14.     Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oct 29, 2017

Gloria Arndt